MOODY, District Judge, concurring:
The issue in this appeal is whether a reasonable jury could find Contrice Travis showed Exel's legitimate, nondiscriminatory business reason for not promoting her was pretextual. The majority opinion correctly describes the burden at trial. First, Travis had to prove a prima facie case of discrimination by showing that sex was a motivating factor in Harris's decision not to hire her for the supervisor position. Texas Dep't of Cmty. Affairs v. Burdine , 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093, 67 L.Ed. 2d 207 (1981) (applying the McDonnell-Douglas burden-shifting framework). Exel then had the burden to offer a legitimate, nondiscriminatory reason for Harris' hiring decision. Id. The burden then shifted back to Travis to show that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id.
Travis easily satisfied her burden of presenting a prima facie case of discrimination. And Exel met its burden of providing a legitimate, nondiscriminatory reason for Harris's hiring decision. Namely, Exel showed that Harris hired Pooler as the Inventory Control supervisor the same way he filled every supervisor opening up to that time-by submitting a job requisition to Corporate HR and, upon receiving a PTP request from On-site HR, giving that PTP candidate priority above all others. In fact, Exel's other hiring managers had always followed the same company protocol.
So we are left with the issue of whether Travis presented enough evidence to show that Exel's nondiscriminatory reason for not promoting her was pretextual. Had it been my decision, I would have answered that question in the negative. Although Travis presented evidence that Harris was biased again women, Travis failed to show that his hiring decision was in any way related to her sex. Rather, my view of the evidence is that Harris's decision was motivated by Exel's PTP policy.
But the issue is whether my view of the evidence is the only reasonable view available. Lambert v. Fulton Cty., Ga. , 253 F.3d 588, 594 (11th Cir. 2001). That is not the case here. There is evidence that Harris was biased against women, and that Travis, the most qualified candidate for the position, applied and was rejected before Harris received the PTP request. So there was enough evidence for a reasonable jury to conclude that Harris did not hire Travis because she was a woman. For that reason, I affirm.